UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN CRUZ ODED,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III,<br>Attorney General,<br><br>Respondent. | Case No.: 3:18-cv-00647-GPC-NLS<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

On March 28, 2018, Petitioner Martin Cruz Oded ("Petitioner"), proceeding *pro se*, filed a petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241. (ECF No. 1.) He moved for immediate release from custody and declarations that his detention and removal were unauthorized and unconstitutional. (*Id*. at 8.[1]) Respondent is Jefferson B. Sessions III, Attorney General of the United States of America. (*Id*. at 1.) On May 4, 2018, Respondent filed a return to petition for writ of habeas corpus. (ECF No. 5.) On June 1, 2018, Petitioner timely filed a reply reiterating his request for the Court to review the constitutionality of his detention and removal. (ECF No. 7.) On June 27, 2018, the

---

[1] Page numbers are based on the CM/ECF pagination.

1

Court ordered Respondent to respond to Petitioner's reply. (ECF No. 8.) On July 7, 2018, Respondent filed a sur-reply. (ECF No. 9.) After a thorough review of the issues and the documents presented, the Court **DENIES** the petition for writ of habeas corpus.

## I. Background

Petitioner is a native and citizen of Mexico. (ECF No. 1 at ¶ 8.) On April 15, 1994, Petitioner legally entered the United States as a lawful permanent resident of the United States of America. (*Id.* at ¶ 11.) In 2008, Petitioner plead guilty to second degree robbery under California Penal Code section 211 and was sentenced to two years in prison. (*Id.*) On November 4, 2010, after completing his sentence, Petitioner was charged with deportability for conviction of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii) based on his 2008 conviction. (*Id.*, Ex. 1 at 10.) His conviction was classified as a crime of violence as defined by 8 U.S.C. § 1101(a)(43)(F) and amounted to an aggravated felony under 18 U.S.C. § 16. (*Id.*)

On May 19, 2011, an immigration judge ("IJ") found that the conviction was accurately classified as a "crime of violence," subsequently found Petitioner ineligible for "cancellation of removal," and ordered Petitioner removed from the United States to Mexico. (*Id.* at ¶ 14; ECF No. 5-1, Ex. at 11.) On October 12, 2011, the Board of Immigration Appeals ("BIA") affirmed the IJ's order. (ECF No. 5-1, Ex. at 13.) On March 10, 2014, the IJ denied Petitioner's application for relief from removal and ordered him removed to Mexico. (*Id.*, Ex. at 33-37.) On June 19, 2014, during the appeal to the BIA, the IJ granted Petitioner's request for a change in custody status and set bond at $15,000. (*Id.*, Ex. at 40.) On June 26, 2014, Petitioner was released on bond. (*Id.*, Ex. at 41-44.) On February 13, 2015, the BIA issued a final order reaffirming the IJ's order for removal. (*Id.*, Ex. at 45-48.) On March 9, 2015, Petitioner filed a petition for review with the Ninth Circuit. *See Oded v. Lynch*, No. 15-70720 (9th Cir. 2015). On March 10, 2015, the Ninth Circuit granted a stay of removal. (ECF No.7, Ex. 6 at 32; ECF No. 9-1, Ex. at 64.)

On November 1, 2017, Petitioner was arrested by the San Diego Police Department.

(ECF No. 5-1, Ex. at 49-52.) Then, on November 17, 2017, Petitioner was released to the custody of Immigration and Customs Enforcement ("ICE"). (*Id.*) On the same day, Petitioner was removed to Mexico and ICE cancelled his $15,000 bond. (ECF No. 9-1, Ex. at 64). It appears that ICE employees misinterpreted the Ninth Circuit's order. (ECF No. 5-1, Ex. at 51; ECF No. 9-1, Ex. at 64, 72.) In mid-December 2017, ICE became aware of its error and began arranging for Petitioner's parole back into the United States. (ECF No. 9-1, Ex. at 79-81.) On January 6, 2018, Petitioner was paroled back into detention. (ECF No. 1, Ex. 2 at 13, Ex. 3 at 15, Ex. 4 at 17.) On March 28, 2018, while in the custody of ICE, Petitioner filed his petition for writ of habeas corpus with this Court seeking immediate release and declarations of the unconstitutionality and unauthorized nature of his detention and removal. (ECF No. 1.)

On April 17, 2018, the Supreme Court ruled that 18 U.S.C. § 16(b), as incorporated into the aggravated felony definition in 8 U.S.C. § 1101(a)(43)(F), is unconstitutionally vague. *See Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018). On April 24, 2018, in light of *Dimaya*, the government moved to remand the Ninth Circuit appeal to the BIA. (ECF No. 5-1, Ex. at 53-56.) The IJ, after reviewing Petitioner's custody status, ordered him released from custody on his own recognizance. (ECF No. 5-1, Ex. at 61.) On April 27, 2018, the Ninth Circuit ordered that Petitioner's case be remanded. (ECF No. 5-1, Ex. at 53-56.) On May 3, 2018, during the pendency of this case, ICE released Petitioner from custody on his own recognizance under the "Alternatives to Detention" ("ATD") program. (ECF No. 7 at 5.) Petitioner did not appeal the IJ's decision to release him from custody. (ECF No. 9-1, Ex. at 64.)

On May 4, 2018, Respondent filed a response requesting that this Court dismiss Petitioner's case for lack of subject matter jurisdiction. (ECF No. 5.) On June 1, 2018, Petitioner filed a reply reiterating his request for the Court to review the constitutionality of his detention and removal. (ECF No. 7.) In his reply, Petitioner sought an order declaring that his conditional release under the ATD program constituted continued detention that was unauthorized by the Immigration and Nationality Act ("INA") and

violated his due process rights and that his November 17, 2017 forced removal violated the Ninth Circuit's stay of removal and his procedural due process rights. (*Id.* at 23.)

On June 15, 2018, Petitioner was arrested for public intoxication and transferred to the San Diego Sheriff's Department on an active warrant, after which ICE terminated his participation in the ATD program. (ECF No. 9-1, Ex. at 63.) On June 26, 2018, Petitioner was returned to ICE custody, and on that same day, he was released from custody on an Order of Supervision, without bond or participation in the ATD program. (*Id.*) On July 11, 2018, Respondent filed a sur-reply reiterating his request for the Court to dismiss Petitioner's case, contending that the case is moot. (ECF No. 9 at 1.)

## II. Legal Standard

Under 28 U.S.C. § 2241(c), a "writ of habeas corpus shall not extend to a prisoner unless. . . . (3) He is in custody in violation of the Constitution or laws or treaties of the United States." 8 U.S.C. § 2241(c). Pursuant to 28 U.S.C. § 2241, alien detainees can properly challenge the extent of the Attorney General's authority to detain a removable alien under the statutes authorizing detention. *Zadvydas v. Davis*, 533 U.S. 678, 687-89 (2001); *see also Demore v. Kim*, 538 U.S. 510, 516-17 (2003).

## III. Discussion

In the petition, Petitioner sought release from his January 6, 2018 detention, contending that his 2008 conviction of robbery should not have been considered a deportable offense. (ECF No. 1 at ¶ 35.) He also argued that the length of his detention was beyond the six-month statutorily authorized reasonableness limitation. (*Id.*) In his reply, Petitioner sought release from the ATD program on the grounds that his supervised release constituted continued detention and was both unauthorized and a violation of his due process rights. (ECF No. 7 at 5, 23.) In addition, Petitioner sought an order declaring that his November 17, 2017 forced removal to Mexico violated the Ninth Circuit's stay of removal and his procedural due process rights. (*Id.* at 19, 23.)

Respondent contends that this Court has no jurisdiction to review Petitioner's challenge to his removal proceedings because under the REAL ID Act, Pub. L. No. 109-

13, Div. B., 119 Stat. 231 (2005), a petition for review in the Court of Appeals is the "sole and exclusive means for judicial review of an order of removal." (ECF No. 5 at 4 (citing *Singh v. Holder*, 638 F.3d 1196, 1210 (9th Cir. 2011) (quoting 8 U.S.C. § 1252(a)(5))). Furthermore, Respondent contends that Petitioner's June 26, 2018 release from custody without bond or participation in the ATD program renders his petition moot. (ECF No. 9 at 1.)

**A. Challenge to Removal Order**

In his petition, Petitioner sought release from his January 6, 2018 detention, contending that his 2008 conviction of robbery should not have been considered a deportable offense. (ECF No. 1 at 8.) Petitioner argues that the petition presents questions of law, including "application of law to undisputed facts." (ECF No. 7 at 2.).

The REAL ID Act of 2005 divested district court jurisdiction over habeas petitions challenging orders of removal; however, the district court retains jurisdiction over challenges to detention. *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012) (affirming district court's order that it lacked jurisdiction because Petitioner's claim indirectly attacks his order of removal) (citation omitted); *Singh v. Gonzales*, 499 F.3d 969, 979 (9th Cir. 2007) (reversing district court's order that it lacked jurisdiction because a successful petition would lead to nothing more than "a day in court" for Petitioner); *Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006) (stating that the REAL ID Act eliminated federal habeas corpus jurisdiction over final orders of removal). Pursuant to 28 U.S.C. § 2241, alien detainees can properly challenge the extent of the Attorney General's authority to detain a removable alien under the statutes authorizing detention. *Zadvydas*, 533 U.S. at 687-89; *see also Kim*, 538 U.S. at 516-17. In contrast, claims that challenge the procedure and substance of an agency determination that is "inextricably linked" to the order of removal are barred. *See Martinez*, 704 F.3d at 623.

Petitioner contends that his criminal conviction of robbery should not be considered a deportable offense because the federal criminal code's definition of "crime of violence,"

5

as incorporated into the INA's definition of aggravated felony, is overbroad and violates due process. (ECF No. 1 at ¶¶ 10, 33-34.) This Court does not have jurisdiction to review this challenge, as it is "inextricably linked" to an order of removal. *See Martinez*, 704 F.3d at 623. Thus, the Court declines to rule on the effect of the *Dimaya* decision on this petition and **DENIES** the petition on this issue.

### B. Challenge to Detention

Petitioner initially sought release from his January 6, 2018 detention, contending that the length of his detention was beyond the six-month statutorily authorized reasonableness limitation. (ECF No. 1 at 8.) In his reply, he challenged his supervised release under the ATD program, imposed on May 3, 2018, as an improper continued detention. (ECF No. 7 at 5, 23.) Respondent argued in his sur-reply that Petitioner's release from custody without bond or ATD on June 26, 2018 renders his petition moot. (ECF No. 9 at 1.)

Under 28 U.S.C. § 2241, the Court has jurisdiction to consider a petitioner's challenges to his detention. *Zadvydas*, 533 U.S. at 687-89. At any stage of the proceeding, a case may become moot when it "no longer present[s] a case or controversy. . ." *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2001) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). A habeas petition no longer presents a live case or controversy when a petitioner is released from custody, as it renders challenges to the legality of his extended or indefinite detention moot. *Id.* at 1064-65 (citing *Riley v. INS*, 310 F.3d 1253, 1256-57 (10th Cir. 2002) (holding that "[a]ppellant's release from detention moots his challenge to the legality of his extended detention") and *Sayyah v. Farquharson*, 382 F.3d 20, 22 n. 1 (1st Cir. 2004) (holding that a "claim [of] indefinite detention. . . was mooted by [a petitioner's] subsequent release")). Here, Petitioner's recent release from custody without bond or ATD on June 26, 2018 renders his petition moot.[2] Accordingly, because the

---

[2] Respondent also argues that Petitioner's failure to appeal the IJ's order mandating his release from custody under the ATD program constituted a failure to exhaust his remedies. This Court declines to address a new issue raised for the first time in the sur-reply. *Thompson v. Commissioner*, 631 F.2d 642,

6

claim no longer presents a live case or controversy, the Court **DENIES** the claim as moot.

**C. Forced Removal**

Petitioner seeks an order declaring that his November 17, 2017 forced removal to Mexico violated the Ninth Circuit's stay of removal and his procedural due process rights.

The Ninth Circuit has held that the INA "restricts jurisdiction only with respect to the executive's exercise of discretion." *Singh*, 638 F.3d at 1202 (citing 8 U.S.C. § 1252(a)(2)(B)(ii) (2005)). Nonetheless, district courts have habeas jurisdiction to review a petitioner's claims of constitutional and legal error under 8 U.S.C. § 1252(a)(2)(B)(ii) of the INA. *Id.* A petitioner's claim that the execution of his removal order was in violation of a stay is directly connected to the execution of the removal order and constitutes a challenge of the executive's discretion; thus, the district court does not have jurisdiction to hear such claims. *See Silva v. United States*, 866 F.3d 938, 940 (8th Cir. 2017) (holding that district court lacked jurisdiction to hear claim challenging the execution of a removal order in violation of a stay). Accordingly, the Court declines to grant Petitioner's request for an order declaring that his forced removal violated the Ninth Circuit's stay of removal; however, this Court retains jurisdiction over Petitioner's claims regarding the constitutionality of his forced removal.

As to this remaining claim, the Court finds it, too is moot. The Declaratory Judgment Act, in a case of "actual controversy," allows any court to "declare the rights and other legal relations of any interested party seeking such declaration." *City of Colton v. American Promotional Events, Inc.-West*, 614 F.3d 998, 1007 (9th Cir. 2010). Declaratory relief requires the presence of an actual controversy. *Id; see Merit Healthcare Int'l, Inc. v. Merit Med. Sys., Inc.*, 721 Fed. App'x 628, 628-29 (2018)

---

649 (9th Cir. 1980) ("The general rule is that appellants cannot not raise a new issue for the first time in their reply briefs").

(affirming district court's dismissal of declaratory judgment action where manufacturer failed to show actual controversy). Here, Petitioner was paroled back into the United States on January 6, 2018 and has been released from custody on an Order of Supervision without bond or participation in the ATD program on June 26, 2018. As a result, Petitioner's declaratory claim lacks an actual controversy and the Court **DENIES** this claim as moot.

## IV. Conclusion

The Court **DENIES** the petition for writ of habeas corpus.

**IT IS SO ORDERED.**

Dated: July 23, 2018

Hon. Gonzalo P. Curiel
United States District Judge